IDAHO COMMISSION OF PARDONS AND PAROLE

P.O. Box 83720, Boise, Idaho 83720-1807

MAXIMUM EXPIRATION:
(1) Case #CR10-25355, January 26, 2026
(2) Case #CR10-25355, January 26, 2016
(3) Case #CR10-25355, January 26, 2016
(4) Case #CR11-4997, February 14, 2026

IDOC #52627

TO WHOM THESE PRESENTS SHALL COME, GREETINGS:

WHEREAS, on the 18th day of April, 2011, SCOTT ARLIS THOMAS was sentenced by the Judge of the District Court of the State of Idaho, in and for the County of Canyon to be committed to the Idaho State Board of Correction for the crime of Trafficking in Methamphetamine and/or Amphetamine, Count 1, Court Case #CR10-25355, for a term not to exceed fifteen (15) years; and was received by the Idaho Department of Correction on the 7th day of July, 2011.

WHEREAS, on the 18th day of April, 2011, SCOTT ARLIS THOMAS was sentenced by the Judge of the District Court of the State of Idaho, in and for the County of Canyon to be committed to the Idaho State Board of Correction for the crime of Manufacturing a Controlled Substance, Count 2, Court Case #CR10-25355, for a term not to exceed five (5) years; and was received by the Idaho Department of Correction on the 7th day of July, 2011.

WHEREAS, on the 18th day of April, 2011, SCOTT ARLIS THOMAS was sentenced by the Judge of the District Court of the State of Idaho, in and for the County of Canyon to be committed to the Idaho State Board of Correction for the crime of Unlawful Posssession of a Firearm, Count 3, Court Case #CR10-25355, for a term not to exceed five (5) years; and was received by the Idaho Department of Correction on the 7th day of July, 2011.

WHEREAS, on the 3rd day of October, 2011, SCOTT ARLIS THOMAS was sentenced by the Judge of the District Court of the State of Idaho, in and for the County of Canyon to be committed to the Idaho State Board of Correction for the crime of Possession of a Controlled Substance with the Intent to Deliver, Count 1, Court Case #CR11-4997, for a term not to exceed fifteen (15) years; and was received by the Idaho Department of Correction on the 7th day of July, 2011.

NOW THEREFORE, the State Commission of Pardons and Parole by virtue of the authority vested in it by the laws of the State of Idaho, hereby authorizes the Executive Director of the Idaho State Commission of Pardons and Parole to allow the said SCOTT ARLIS THOMAS to go on parole outside an institution effective this date, subject to the conditions enumerated on the reverse side of this document and Special Conditions, if any, given below.

This parole is granted to and accepted by the parolee subject to all its terms and conditions and with the understanding that the Commission of Pardons and Parole may, at any time, in case of violation of the terms of this parole, cause the parolee to be returned to an institution to serve the full maximum sentence or any part thereof. Time on parole may be forfeited in whole or in part, if parole is revoked.

The parolee will be under the jurisdiction of Probation and Parole for a minimum of at least one (1) year but not to exceed the maximum sentence. The parolee shall abide by all conditions until a final discharge has been effected.

Based on your crime(s) and Idaho Administrative Code 250.09.b.i and 250.09.b.ii, your first eligibility date for requesting an early discharge on your sentence(s) is May 2018. Your Parole Officer or other designated agent may petition the Commission to consider an early discharge.

SPECIAL CONDITIONS: 1. Remain alcohol and drug free, which includes not using marijuana and not having a medical marijuana card. Do not enter any establishment where alcohol is the main source of income. 2. Obtain a substance abuse evaluation at your own expense and comply with all directives for treatment/counseling. 3. While on parole, you may drive only at times, and to and from locations, for which you have been given permission by your supervising officer, as long as you possess a valid driver's license. 4. Pay restitution as determined by the courts. You must make payment to the sentencing court for fines and other assessments, which were ordered at the time of sentencing. Establish and follow a payment schedule as determined by the Parole Officer. 5. Participate in cognitive programming if available. 6. The parolee will not associate with known felons (unless specifically allowed by the Commission or supervising personnel); persons involved with illegal activity; or other persons as identified by supervising personnel.

Dated in Boise, Idaho, this 28th day of August, 2014.

IDAHO STATE COMMISSION OF PARDONS AND PAROLE

_Sandy Jones_
EXECUTIVE DIRECTOR OR DESIGNEE

THIS IS TO CERTIFY THAT I have read, or have had read to me, and fully understand and accept all the conditions, regulations and restrictions under which I am being released on parole. I will abide by and conform to them strictly, and fully understand that my failure to do so may result in the revocation of my parole.

_[signature]_
Signature of Parolee

STATE OF IDAHO
COUNTY OF CANYON

On the **28th day of August, 2014**, before me came SCOTT ARLIS THOMAS to me known to be the individual described herein, and who executed the foregoing instrument and acknowledged that he/she executed same.

_Anette Reeder_
NOTARY PUBLIC

Commission Expires: 3-26-20

[Notary Seal: ANETTE REEDER, NOTARY PUBLIC, STATE OF IDAHO]

THOMAS_00212

1. Parolee will go directly to the destination approved by the Commission for Pardons and Parole and, upon arrival, report as instructed to the parole officer or person whose name and address appear on the arrival notice. Any deviation in travel plans will require prior permission from the Commission staff.

2. Parolee shall (a) work diligently in a lawful occupation or a program approved by the Commission or supervision officer and not change employment or designated program without written permission from the Commission or supervising officer, (b) support dependents (if any) to the best of his/her ability, and (c) live within lawful income without incurring unnecessary indebtedness.

3. Parolee shall submit a complete and truthful report to the assigned parole officer, or other person designated by the Commission, on forms available before the fifth (5th) day of each month, or as otherwise instructed.

4. If at any time it becomes necessary to communicate with the assigned parole officer or other official designee and s/he is unavailable, communication will be directed to the district supervisor.

5. Parolee will: (a) obey all municipal, county, state and federal laws; (b) conduct him/herself in a manner which is not, nor is intended to be, harmful to him/herself or others; (c) follow written or oral instructions of the parole officer or Parole Commission; (d) not purchase, own, sell, or have in his/her possession or control, to include storing in residence, vehicle, etc., any type of firearm for whatever purpose; (e) not have any dangerous weapon used or intended to be used for other than normal or usual purposes, such as knives for household use.

6. Parolee shall: (a) abstain from excessive use of alcoholic beverages; (b) abstain completely from the possession, procurement, use, or sale of narcotics or controlled substance, except as prescribed by a licensed medical practitioner; (c) freely cooperate and voluntarily submit to medical and chemical tests and examinations for the purpose of determining if parolee is using, or under the influence of alcohol or narcotics, which may be at parolee's expense; (d) participate in treatment programs as specified by the Commission or ordered by the parole officer.

7. Parolee is fully advised that written permission is required for the following: (a) willfully changing job, (b) willfully changing residence, (c) leaving assigned district of the State of Idaho.

8. Parolee will submit to a search of person or property, to include residence and vehicle, at any time and place by any agent of Field and Community Services and s/he does waive constitutional right to be free from such searching.

9. If another jurisdiction has lodged a detainer against a parolee, parolee may be released to the custody of the jurisdiction. Should parolee be released from their custody prior to the expiration of the Idaho parole, or should the detainer be adjudicated without incarceration, parolee will: (a) report immediately to the nearest Adult Parole and Probation office for instructions concerning placement under supervision, if appropriate; and (b) contact the Executive Director of the Parole Commission to advise of address, employment, etc., within five (5) days after release from custody.

10. The parolee will make him/herself available for supervision and will not actively avoid supervision.

I have read (or have had read to me) and initialed the above conditions of parole under which I am being released on parole. I will abide by and conform to them strictly, and fully understand that my failure to do so may result in the revocation of my parole.

_____
Signature of Parolee

THOMAS_00213